UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIX MOLINA                                                                            Index No.:

                              Plaintiff,

        -*against*-                                                                          **COMPLAINT**

CITY OF NEW YORK,                                                              **JURY TRIAL DEMANDED**
DETECTIVE JOHN DOE #1,
and DETECTIVE JOHN DOE #2,

                              Defendants.
------------------------------------------------------------------X

      Plaintiff, FELIX MOLINA, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK, Detective JOHN DOE #1 and Detective JOHN DOE #2, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

      1.     This is a civil rights action in which the plaintiff, FELIX MOLINA seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of their claims as pleaded herein.

**PARTIES**

5. Plaintiff is a United States citizen of full age and a resident of Kings County, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendant DETECTIVE JOHN DOE #1 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DETECTIVE JOHN DOE #1 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the

City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant DETECTIVE JOHN DOE #2 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant DETECTIVE JOHN DOE #2 acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

### STATEMENT OF FACTS

9. On or about March 14, 2017 Plaintiff was in the vicinity of 95th Street and Rutland Road in King's County, State of New York.

10. Plaintiff was behind the wheel of a car but had not yet turned the car on when an unmarked police vehicle approached from behind.

11. Two plainclothes officers, upon information and belief defendants Detective JOHN DOE #1 and Detective JOHN DOE #2, exited the police vehicle and approached plaintiff, with JOHN DOE #2 coming up on the passenger side and JOHN DOE #1 approaching on the driver's side.

12. JOHN DOE #1 asked plaintiff for his license and registration.

13. Plaintiff presented JOHN DOE #1 with a valid New York driver's license and valid registration papers for the vehicle.

14. JOHN DOE #1 then said to plaintiff that the temporary New Jersey license plate on the vehicle was "fake" and asked plaintiff to step out of the car.

15. Plaintiff insisted that the license plate was real and informed the defendants that the car had just been purchased.

16. JOHN DOE #1 put plaintiff in handcuffs and placed him in the back of the unmarked police vehicle.

17. Defendants then confiscated the temporary license plate, left plaintiff's car unattended at the scene and transferred plaintiff to the 67th precinct of the NYPD.

18. Plaintiff remained at the 67th Precinct for approximately 24 hours before he was transferred to central booking in Brooklyn.

19. Plaintiff then remained at central booking for approximately 48 hours longer before he was brought before the King's County Criminal Court and charged with violating New York Penal Law 170.20 (criminal possession of a forged instrument).

20. Plaintiff adamantly denied that the temporary plate in question was fraudulent and defended the case.

21. On June 19, 2017, the case was dismissed and sealed.

22. At no time during the events described above did plaintiff possess a fraudulent license plate.

23. At no time during the events described above did plaintiff commit any act for which he could be detained or arrested.

## **AS FOR A FIRST CAUSE OF ACTION**

### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

24. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

25. At all times during the events described above defendants lacked probable cause to stop plaintiff.

26. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

27. At all times during the events describe above defendants lacked probable cause to charge plaintiff with criminal conduct.

28. All of the aforementioned acts of defendants were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the defendants in their capacity as police officers, with all actual and/or apparent authority afforded thereto.

31. The acts complained of deprived plaintiff of his rights:

    A. To be free from false arrest;

    B. To be free from unwarranted and malicious criminal prosecution;

    C. To be free from deprivation of liberty without due process of law; and

D. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

32. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

33. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the police officer defendants because their conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

34. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

35. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

36. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

37. The wrongful polices, practices and customs complained of herein, demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 12/26/2017
Brooklyn, NY

By: /s/Alexis G. Padilla
Alexis G. Padilla, Esq. [AP8285]
*Attorney for Plaintiff*
*Felix Molina*
575 Decatur Street #3
Brooklyn, NY 11233
Tel. 917 238 2993
alexpadilla722@gmail.com